10-4883-cr (L)
United States v. Curanovic

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 16th day of January, two thousand thirteen.

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            REENA RAGGI,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

          -v-                              10-4883-cr(L); 10-5317-cr(con);
                                           11-257-cr(con); 11-3327-cr(con)

CHRISTOPHER CURANOVIC, JOHN FRANZESE, JOSEPH DIGORGA[1],

                        *Defendants-Appellants.*

_____

Appearing for Appellants:    Robert A. Culp, Garrison, NY, *for Christopher Curanovic*
                             Richard B. Lind, New York, NY, *for John Franzese*
                             Raymond L. Colon, New York, NY, *for Joseph DiGorga*

Appearing for Appellee:      Rachel J. Nash, Assistant United States Attorney for the Eastern
                             District of New York (Loretta E. Lynch, U.S. Attorney; Amy
                             Busa, Cristina M. Posa, Assistant United States Attorneys, *on the
                             brief*) Brooklyn, NY

---

[1] The Clerk of the court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Christopher Curanovic appeals from his convictions on racketeering conspiracy in violation of 18 U.S.C. § 1962(d); Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a); the unlawful possession of a firearm in connection with that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(i); extortionate extension and collection of credit and conspiracy to commit those crimes, in violation of 18 U.S.C. § 892(a) and 894(a)(1); and extortion and extortion conspiracy in violation of 18 U.S.C. § 1951(a). Curanovic was sentenced principally to 114 months' imprisonment and five years supervised release, along with restitution in the amount of $2,000. Joseph DiGorga appeals from his convictions on one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); along with extortionate collection of credit conspiracy and extortion conspiracy. He was sentenced to concurrent terms of 51 months' imprisonment and three years supervised release. John Franzese appeals from his convictions on racketeering conspiracy, extortion conspiracy, extortionate extension of credit conspiracy and extortionate collection of credit conspiracy. Franzese was sentenced to concurrent terms of 96 months imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendants argue that the district court committed plain error in admitting transcripts of conversations among non-defendants recorded by cooperating witnesses, including government exhibits 211E, 211F, 213 and 228. We reject the government's assertion that the conversations included no inadmissible hearsay and were admissible as background. We agree with the defendants the district court should not have admitted the transcripts into evidence. However, with respect to exhibits 211E, 211F, and 228, the district court reasonably found that none of the defendants timely objected to the admission of these exhibits. Defendants were required to object to exhibits 211E and 211F at the time they were admitted, *see* Fed. R. Evid. 103(a). The defendants were obligated to object to exhibit 228 once it appeared that the government was offering the evidence for more than background, the limitation agreed to before trial, *see* Fed. R. Evid. 103 advisory committee's notes ("If the court changes its initial ruling, or if the opposing party violates the terms of the initial ruling, objection must be made when the evidence is offered to preserve the claim of error."). Instead, defendants waited until after the government rested its case to object.

This failure to timely object limits our review to one for plain error. *United States v. Diaz*, 176 F.3d 52, 83 (2d Cir. 1999). To constitute plain error, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (citations, internal quotation marks, and alterations omitted). Defendants' challenge to exhibits 211E, 211F, and 228 fails the plain error test because any evidentiary error did not impugn the fairness or integrity of the trial. As for exhibit 213, the government conceded that defendants timely objected to its admission, and thus we review for harmless error. Defendants' challenge fails the harmless error test because, in light of the other

record evidence of guilt, admission of exhibit 213 did not have a "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Estrada*, 430 F.3d 606, 622 (2d Cir. 2005) (internal quotation marks omitted).

We find no grounds for overturning Curanovic's conviction for use of a firearm during the commission of a robbery. In cases where a gun is not recovered, the government may be able to make out its case that a gun was used based on eyewitness testimony. *United States v. Jones*, 16 F.3d 487, 490 (2d Cir. 1994). The testimony offered here more than satisfied the government's burden. Moreover, we find no abuse of discretion in the district court's decision not to allow Curanovic's proposed expert witness to testify.

We have examined the remainder of the arguments raised by defendants and find them to be without merit. The district court did not abuse its discretion in the plethora of evidentiary rulings challenged by defendants. Moreover, defendants were not entitled to psychological evaluations and reports of the United States Marshal Service generated as part of the Marshal Service's Witness Security Program. The district court committed no errors in sentencing. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk